## No. 11,521.

### A. J. VICK VS. LOUIS VOLZ, INTERDICT.

A TUTOR'S AGENT.—A tutor of an interdict, residing in a foreign country and regularly appointed by the law of his domicile, may exercise his office by an agent. or attorney in fact in relation to the defence of a suit for a partition.

Under the civil law at the foreign domicile of the interdict, the administration of his interest is confided to a tutor. A curator *ad hoc* appointed to represent an absentee does not necessarily waive citation by filing an answer. In the absence of an issue in the lower court, this court will not assume that the answer was not preceded by service of citation and petition.

In the suit for a partition the interdict was represented by the agent of his foreign tutor. The interdict was therefore before the court in those proceedings. and contradictorily with him judgment was pronounced.

The judgment referred the parties to a notary to complete the partition.

A curator *ad hoc*, then qualified, represented the interdict.

DOMICILE.—The domicile of the curator is the domicile of the interdict. Civil Code, Art. 37.

The laws applying to tutors apply also to curators of interdicts. *Id.*, Art. 415.

The court of the minor's domicile has jurisdiction to order a family meeting in his interest.

The same rule applies to the interest of an interdicted person.

A PPEAL from the Twenty-first District Court, Parish of Jefferson. Rost. J.

*Denegre & Denegre* for Plaintiff and Appellee.

---

*Louque & Pomes* for Defendant and Appellee.

---

*Félix J. Puig* for Taylor, Defendant in rule to compel acceptance of title, Appellant.

---

The opinion of the court was delivered by

BREAUX, J.   The plaintiff and the defendant, Louis Volz, were the co-owners of a plantation.

Louis Volz established his residence in Switzerland, where he became insane and was interdicted.

A tutor having been appointed to represent him under the laws of his domicile, he (this tutor) appointed an attorney in fact to represent him in this State, where the interdict owned property.   The agent was authorized to stand in judgment in partition proceedings, and had full power to do all things needful for the protection of the interests of the interdict.

Moreover, this agent was appointed by the District Court of Jefferson parish curator *ad hoc* of the interdict and an under-curator was appointed.

The plaintiff brought a suit against the agent of the interdict's tutor appointed in Switzerland, and against the curator *ad hoc* appointed by the judge of the Twenty-first Judicial District Court.

The defendant, as agent and curator *ad hoc*, answered, admitting the co-ownership of the inderdict with the plaintiff of the lands described in the petition.

A judgment was rendered in accordance with the prayer of the petition and the property was sold to a third person.

He declined to accept title, whereupon the plaintiff and the defendant, through counsel, sued out a rule to compel the adjudicatee to accept the title tendered and consummate the sale.

In the lower court no answer was filed to the rule.   The judgment was rendered for plaintiff.

In this court the issues presented by the defendant in rule for our determination are:

*First*—That a foreign curator or tutor to an interdicted person has no legal right to appoint an agent in this State to represent him.

### AUTHORITY OF A FOREIGN TUTOR.

Regarding the authority of the tutor, it has been held that, in countries governed by laws similar to our own, the authority of the tutor regularly appointed to appear as a defendant in partition proceedings would be recognized without the necessity of applying for letters of tutorship from the tribunals of this State (Chiapella vs. Couprey, 8 La. 86), thereby making a distinction between the office of a testamentary executor and administrator, confined to the property of the estate and that of the tutor or guardian having minor children in charge, for the maintenance and education of whom provisions must be made.

### AGENT OF A FOREIGN TUTOR.

We think it sufficient to state on this point that a tutor has the power to administer by an attorney in fact the real property of his ward in this State. Bailey vs. Morrison, 4 An. 523.

The authority of a tutor to appoint an agent to represent him in judicial proceedings was approvingly referred to in Succession of Lewis, 10 An. 791.

We are unable to perceive any good reason why the same rule should not extend to interdicts.

To his curator is confided the care of his person, and such steps as needful to soften his hard condition. He should take possession of his property at as early a date as possible and administer it to his advantage.

But in addition to these considerations by express law, the same rule is made to apply to minors and interdicts.

The laws applying to tutors apply also to the curators of interdicts. Art. 415, Civil Code.

In the case of the Interdiction of Bothick, 43 An. 552, this court said: "Arts. 405 and 415, Revised Civil Code, prescribe that the appointment of a curator and his administration shall be regulated as in the case of minors."

### THERE WAS NO ISSUE RELATIVE TO WAIVER OF CITATION.

Second—A curator to an interdicted person or his agent and attorney in fact can not waive citation and service of petition, the defendant in rule contends.

That issue was not raised in the lower court. There is no evidence of

waiver before us. The trial for the partition was conducted contradictorily with the agent, after the required delays, and answer filed by him.

"The curator in the present instance (nor in the case at bar), as far as appears from the record, waived none of the rights of the party whom he was appointed to represent." Millaudon vs. Bezley, 2 An. 917. (Parenthesis ours.)

We will not assume that there was no citation and service prior to the agent's answer. Fly vs. Noble et al., 37 An. 671.

We do not wish to be understood as in the least diverging from decisions of this court with reference to personal service in certain cases. Hyde vs. Chaddick, 10 Robinson, 387; Carpenter vs. Beatty, 12 Robinson, 540.

The facts in the pending case do not bring it within the rule laid down in the decisions requiring personal service.

The third and fourth propositions of the defendant in rule are directed against the validity of the curator's appearance in court under an appointment by the District Court of Jefferson parish.

The proceedings contradictorily with the curator ad hoc appointed by the court in Louisiana, in the partition proceedings proper, would be open to objections if we chose to pass upon them in this case.

But as our conclusion sustains the agent's authority to carry out his principal's power as tutor of the interdict, conferred by a foreign court, the judgment of partition, contradictorily with him, is valid, without reference to the appointment of the curator ad hoc.

He was a party to the judgment as an agent even if his appointment as a curator ad hoc was null and void.

The question arises: Are the proceedings of the family meeting convened to recommend the terms of sale null and void?

#### DOMICILE AT WHICH FAMILY MEETING SHOULD BE HELD.

The defendant in the rule urges that family meetings called to deliberate in the interest of interdicted persons must be convened and held in the parish in which the property partitioned was situated.

The suit was properly brought where the property is situated.

The family meeting was properly held at the domicile of the curator.

With reference to persons non sui juris whose interests must be submitted to a family meeting for its consideration the following analogy applies:

The domicile of the minor is with his tutor.

The domicile of the interdict is with the curator.   Civil Code, Art. 39.

The court of the parish in which the minor has his domicile is the proper tribunal to order a family meeting to determine the terms of sale of property in which he has an interest.  The State vs. The Judge of the Court of Probate of New Orleans, 2 Robinson, 160.

' Interdicted persons are protected by those rules and laws applying in the protection of minors.   Succession of Webre, 36 An. 312.

Therefore, like minors, a family meeting in the interest of the interdict should be held at the domicile of the curator.

· When the family meeting was held in the parish of Orleans, the curator, a resident of that parish, had taken the oath, and his acts were no longer open to the objection that he had not taken the oath, as was the case when the proceedings for a partition were originated contradictorily with him as agent and curator *ad hoc.*

In the former capacity—*i. e.*, as agent, he represented the interdict as defendant in the suit for partition.

Later, in the latter, as curator, having qualified, he represented him at the domicile in the matter of holding a family meeting and recommending terms of sale, in so far as it concerned the interdict's interest.

A foreign tribunal, with jurisdiction of the person of the interdict, authorized the partition and sale of his property.

To the consular officer was entrusted the duty and responsibility of representing the interdict in the proceedings, and of forwarding the proceeds of the sale. ·

: No good reason has been urged that would justify us in setting aside the proceedings in the tribunals of Louisiana for the partition and sale of the property.  Passing upon the issues raised we have discovered no cause to disturb the judgment.

. The judgment appealed from is affirmed at appellant's costs.